UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARY HELEN BERNSTEIN, et al.,<br><br>   Plaintiffs,<br><br>   v.<br><br>EUMI K. LEE, et al.,<br><br>   Defendants. | Case No.  3:24-cv-00131-JSC<br><br>**ORDER RE: PLAINTIFFS' MOTION FOR DISQUALIFICATION**<br><br>Re: Dkt. No. 18 |

The Court is in receipt of Plaintiffs' motion for disqualification. (Dkt. No. 18.[1]) Plaintiffs contend the Court has a "disdain towards self represented litigants" and had a prior relationship with the law firm at which an individual Plaintiffs plan to add as a defendant worked prior to being appointed to the Alameda County Superior Court bench. (*Id*. at 5, 8.) Having carefully reviewed the relevant documents, the Court finds this motion suitable for decision without oral argument pursuant to Local Rule 7-1(b). For the reasons explained below, Plaintiffs' motion is DENIED.

Motions to disqualify or recuse a judge fall under two statutory provisions: 28 U.S.C. § 144 and 28 U.S.C. § 455. Section 455 provides "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned," or "[w]here he has a personal bias or prejudice concerning a party." 28 U.S.C. § 455(a), (b)(1). Section 144 provides for recusal where a party files a timely and sufficient affidavit averring the judge before whom the matter is pending has a personal bias or prejudice either against the party or in favor of an adverse party, and setting forth the facts and

---

[1] Plaintiffs submitted four filings totaling 2,297 pages related to the motion to disqualify. (Dkt. Nos. 18, 19, 20, 21.)

1  reasons for such belief. *See* 28 U.S.C. § 144.  If a judge finds a Section 144 motion timely and
2  the affidavits legally sufficient, the judge must proceed no further and another judge must be
3  assigned to hear the matter. *See id.*; *United States v. Sibla*, 624 F.2d 864, 867 (9th Cir. 1980).
4  When the affidavit is not legally sufficient, however, the judge to whom the motion is directed
5  may determine the matter. *See id.* at 868 (holding judge challenged under § 144 properly heard
6  and denied motion where affidavit not legally sufficient).

7        Sections 144 and 455 carry identical substantive tests for determining personal bias or
8  prejudice. *See United States v. Sibla*, 624 F.2d 864, 867 (9th Cir. 1980). Under both statutes,
9  recusal is appropriate when "a reasonable person with knowledge of all the facts would conclude
10 that the judge's impartiality might reasonably be questioned." *Yagman v. Republic Ins*., 987 F.2d
11 622, 626 (9th Cir. 1993) (citation omitted).  Motions for recusal are "limited by the 'extrajudicial
12 source' factor which generally requires as the basis for recusal something other than rulings,
13 opinions formed or statements made by the judge during the course of trial*." United States v.*
14 *Holland*, 519 F.3d 909, 913–14 (9th Cir. 2008); *see also Sibla*, 624 F.2d at 868 (holding affidavit
15 not legally sufficient unless it alleges facts demonstrating bias or prejudice that "stems from an
16 extrajudicial source"). "By themselves, adverse judicial rulings or critical remarks typically do not
17 establish bias or prejudice" absent exceptional circumstances. *Perez v. Essentia Ins. Co*., No. 23-
18 CV-06077-VC, 2024 WL 242996, at *1 (N.D. Cal. Jan. 17, 2024) (citing *Pesnell v. Arsenault*, 543
19 F.3d 1038, 1043–44 (9th Cir. 2008); *Liteky v. United States*, 510 U.S. 540, 555–56 (1994)).

20       Plaintiffs move for disqualification under both Section 144 and Section 455(a). Plaintiffs
21 raise a litany of issues in their 2,297 pages of filings, none is legally sufficient to warrant
22 disqualification.  First, Plaintiffs appear to contend the Court is biased because it twice denied
23 their administrative motions to file under seal.  (Dkt. Nos. 13, 15.)  The Court, however, denied
24 the motions without prejudice to renewal in accordance with Civil Local Rule 79-5.  The Court
25 provided links to guidance for electronically filing matters under seal and referred Plaintiffs to the
26 Legal Help Center for free assistance.  (*Id*.)  The Court did not deny the administrative motion to
27 seal on the merits, but merely required Plaintiffs to comply with the rules for filing matters under
28 seal.  As to the Court's orders regarding their requests for an extension of time to serve the

complaint, the Court did not deny these requests either. To the contrary, the Court has granted Plaintiffs two several-month extensions of time to serve Defendants in recognition of their health issues and unrepresented status. (Dkt. Nos. 10, 11, 17.) Even if these Orders constituted adverse rulings, "[a]n adverse judicial ruling is not an adequate basis for recusal" and is not evidence of bias. *Stebbins v. Polano*, No. 21-CV-04184-JSW, 2021 WL 8532245, at *1 (N.D. Cal. Oct. 22, 2021); *see also Mikhak v. Univ. of Phoenix*, No. 21-CV-06919-CRB, 2022 WL 1150840, at *2 (N.D. Cal. Mar. 1, 2022) ("Rulings that a party disagrees with do not demonstrate bias.").

Second, Plaintiffs' intention to amend their complaint to add as a defendant an individual who worked at the same law firm as the undersigned is speculative, as the individual in question is not a party, and not a basis for disqualification even if he were. *See* 28 U.S.C. § 455(b)(2) (requiring a judge to recuse when "in private practice he served as a lawyer in the matter in controversy, or a lawyer with whom he previously practiced law served during such association as a lawyer concerning the matter."); *Yagman*, 987 F.2d at 626 (finding speculative claims of bias do not warrant disqualification).

Finally, Plaintiffs' reliance on news articles regarding other cases in which the Court has presided and their recitation of biblical passages (*see, e.g.*, Dkt. No. 21), do not provide a basis for "a reasonable person with knowledge of all the facts [to] conclude that the judge's impartiality might reasonably be questioned." *Yagman*, 987 F.2d at 626.

Accordingly, for the reasons stated above, Plaintiffs' motion for disqualification is DENIED.

This Order disposes of Docket No. 18.

**IT IS SO ORDERED.**

Dated: July 15, 2024

JACQUELINE SCOTT CORLEY
United States District Judge

3