UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARY HELEN BERNSTEIN, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>EUMI K. LEE, et al.,<br><br>    Defendants. | Case No. 3:24-cv-00131-JSC<br><br>**ORDER RE: PLAINTIFFS' FILINGS** |
| ELIZABETH G. TIGANO, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>ALAMEDA COUNTY SUPERIOR COURT, et al.,<br><br>    Defendants. | Case No. 3:24-cv-07001-JSC |

Plaintiffs Elizabeth Tigano and her sister Mary Bernstein, who are representing themselves, brought these actions against the Alameda County Superior Court and several Alameda County Superior Court judges. Plaintiffs voluntarily dismissed the first action, *see* Case No. 24-131, Dkt. No. 35, only to refile a nearly identical action, *see* Case No. 24-7001. The Court thereafter related the two actions under Civil Local Rule 3-12. (No. 24-7001, Dkt. No. 20.[1]) Defendants then moved to dismiss and the Court granted Plaintiffs two several-month extensions of time to file their opposition brief. (No. 24-7001, Dkt. Nos. 5, 9, 20, 23, 27, 31, 32.) Upon

---

[1] Record Citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the document.

completion of the briefing, the Court took the matter under submission and granted Defendants' motion to dismiss without leave to amend because Plaintiffs' claims were barred by the Eleventh Amendment, the *Rooker- Feldman* doctrine, and absolute judicial immunity. (Dkt. No. 39.) Since dismissing this action and entering judgment in Defendants' favor, Plaintiffs have submitted over 20 filings in Case No. 24-7001 and several more in Case No. 24-131—totally nearly 3,000 pages. (No. 24-131, Dkt. Nos. 38, 39, 40, 41, 42, 43, 44, 45, 46, 47; No. 24-7001, Dkt. Nos. 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54, 55, 56, 57, 58, 59, 60, 61, 62.) This Order addresses these filings.

### A.     Motions to Alter or Amend Judgment in Case No. 24-7001

Plaintiffs filed at least two motions to alter or amend the judgment pursuant to Rule 59(e).[2] (Case No. 24-7001, Dkt. Nos. 46, 47.) In general, there are four basic grounds upon which a Rule 59(e) motion may be granted:

(1) if such motion is necessary to correct manifest errors of law or fact upon which the judgment rests;

(2) if such motion is necessary to present newly discovered or previously unavailable evidence;

(3) if such motion is necessary to prevent manifest injustice; or

(4) if the amendment is justified by an intervening change in controlling law.

*Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011). Rule 59(e) "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been made prior to the entry of judgment." *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008) (citation omitted). While amending a judgment is an extraordinary remedy, "the district court enjoys considerable discretion in granting or denying the motion." *McDowell v. Calderon*, 197 F.3d 1253, 1255 n.1 (9th Cir. 1999) (en banc) (per curiam) (internal quotation marks omitted).

Plaintiffs appear to predicate their motion on the first grounds arguing there was an error of fact because they meant to file their case in San Jose and not in San Francisco. Plaintiffs also

---

[2] The majority of Plaintiffs' numerous other filings appear to be declarations in support of these two motions.

2

1  contend the Court erred in relating the two actions, in denying leave to amend, and in ruling on the
2  motion without oral argument.  None of these arguments are availing. First, there is no reason
3  Plaintiffs could not have raised these arguments before.  *See Carroll v. Nakatani*, 342 F.3d 934,
4  945 (9th Cir. 2003) ("A Rule 59(e) motion may not be used to raise arguments or present evidence
5  for the first time when they could reasonably have been raised earlier in the litigation.").

   Second, these are not arguments the Court committed a manifest error of law or fact, but rather a disagreement with the Court's procedural rulings under Civil Local Rule 3-12(a) (governing related cases) and Local Rule 7-1(a) (submission of motions without a hearing). Plaintiffs appear to believe there was something nefarious about the Court's order relating these two actions.  There was not.  Local 3-12(a) provides an action is related when, as here, it "concern[s] substantially the same parties, property, transaction, or event" and "[i]t appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different Judges."  These two actions involve virtually identical parties and claims.  Plaintiffs' arguments are an extension of the conspiracy arguments they advanced regarding the Alameda County Superior Court judges in their underlying action and are not a basis for the extraordinary relief sought here.

   Finally, the Court's Order explained why leave to amend would be futile, Plaintiffs' arguments to the contrary simply rehash their prior contentions. *See Gates v. Colvin*, 2017 WL 8220232, at *1 (C.D. Cal. Sept. 5, 2017) ("Mere disagreement with the result does not justify the filing of a Rule 59(e) motion.").

### B.     Administrative Motions to Seal

On June 15, 2025, Plaintiffs filed nearly identical administrative motions to seal in both cases. (Case No. 24-131, Dkt. No. 47; Case No. 24-7001, Dkt. No. 62.)   As a threshold matter, the Court grants the motions to seal because Plaintiffs have attached their own medical records and those of a third-party.

The administrative motion to seal in Case No. 24-131 references Federal Rule of Civil Procedure 60(b) in the caption.  Federal Rule of Civil Procedure 60(b) permits a court, "[o]n motion and just terms," to "relieve a party ... from a final judgment, order, or proceeding" for six

1  enumerated "reasons," including "mistake, inadvertence, surprise, or excusable neglect." Fed. R.
2  Civ. Pro. 60(b)(1). Plaintiffs also cite the Supreme Court's recent decision in *Waetzig v.*
3  *Halliburton Energy Servs., Inc*., 145 S. Ct. 690 (2025), in the caption. In *Waetzig*, the Supreme
4  Court held Rule 60(b) applies to situations where a case is voluntarily dismissed under Federal
5  Rule of Civil Procedure 41(b). *Id*. at 700. To the extent Plaintiffs seek reopening of Case No. 24-
6  131, which they voluntarily dismissed on October 10, 2024—three days after they filed the new
7  action, Case No. 24-700, raising nearly identical claims against nearly identical parties—Plaintiffs
8  have failed to provide a basis for their request for relief. The motion is composed of photographs,
9  medical records, a death certificate, and Alameda County Superior Court filings. Beyond the
10 reference to Rule 60(b) in caption, Plaintiffs do not discuss the rule or invoke a particular
11 provision which would provide a basis for relief here.
12     The administrative motion to seal filed in Case No. 24-7001 references Rule 59 and is
13 otherwise the same as the motion filed in 24-131. Because Plaintiffs have not provided a basis for
14 relief, the motion is denied.

15 **C.**    **Motion to Disqualify**
16     To the extent Plaintiffs seek to renew their motion disqualify the undersigned judge,
17 Plaintiffs' motion is denied. The Court denied Plaintiffs' motion to disqualify in Case No. 24-131,
18 on July 15, 2024. (Case No. 24-131, Dkt. No. 22.) Plaintiffs have not moved for reconsideration
19 of that Order, and even if they had, any such motion would be improper as it must be made
20 "[b]efore entry of judgment," *see* Civ. L.R. 7-9(a), and would also fail on the merits for the
21 reasons previously stated. To the extent Plaintiffs moves to disqualify in Case No. 24-7001,
22 Plaintiffs' request is untimely, *see Davies v. Comm'r*, 68 F.3d 1129, 1131 (9th Cir. 1995), 28
23 U.S.C. § 144, and fails to demonstrate a basis for disqualification for the same reasons stated in
24 Case No. 24-131.

25 **D.**    **Plaintiffs' Other Filings**
26     Plaintiffs' other filings include numerous declarations including from Plaintiffs' deceased
27 mother and other family members which are largely composed of photographs, PDF documents,
28 and quotations. (No. 24-131, Dkt. Nos. 38, 39, 40, 41, 42, 43, 44, 45, 46; No. 24-7001, Dkt. Nos.

4

42, 43, 44, 45, 48, 49, 50, 51, 52, 53, 54, 55, 56, 57, 58, 59, 60, 61.)  While these declarations evidence Plaintiffs' distress and the distress of their family members, they do not provide a legal basis for relief.

## CONCLUSION

For the reasons discussed above, Plaintiffs' requests for relief are DENIED.  If Plaintiffs seek to challenge the Court's rulings, they must file a notice of appeal.

The Court will not consider any further filings in these closed cases.

This Order disposes of Docket Nos. 46 and 47 in Case No. 24-7001.

**IT IS SO ORDERED.**

Dated: June 16, 2025

_____
JACQUELINE SCOTT CORLEY
United States District Judge